IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICKY TEJADA, | : | |
| | : | |
| Petitioner, | : | CIVIL ACTION NO. 15-6645 |
| | : | |
| v. | : | |
| | : | |
| WILLIAM E. FORD, et al., | : | |
| | : | |
| Respondents. | : | |

## ORDER

**AND NOW**, this 23rd day of January, 2018, after considering the amended petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by the *pro se* petitioner, Ricky Tejada (Doc. No. 14), additional arguments in the "Petitioner['s] Pro Se Motion to Strike His Addendum and the Subsequent Notice Filed Relative Thereof To Properly Plead and Prove his Habeas Corpus Claim" (Doc. No. 27), the respondents' response in opposition to the petition for writ of habeas corpus (Doc. No. 34), the state court record, United States Magistrate Judge Thomas J. Rueter's report and recommendation (Doc. No. 51), and the objection and response thereto filed by the petitioner (Doc. No. 59); accordingly, it is hereby **ORDERED** as follows:

1.      The clerk of court is **DIRECTED** to remove this action from civil suspense and return it to the court's active docket;

2.      The petitioner's objections to the report and recommendation (Doc. No. 59) are **OVERRULED**;[1]

---

[1] The court conducts a *de novo* review and determination of the portions of the report and recommendation by the magistrate judge to which there are objections. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); *see also* E.D. Pa. Loc. R. Civ. P. 72.1(IV)(b) (providing requirements for filing objections to magistrate judge's proposed findings, recommendations or report).

In the objections (Doc. No. 59), the petitioner objects to Magistrate Judge Rueter's conclusions that: (1) he failed to exhaust his "fatal variance" claim, contrary to 28 U.S.C. § 2254(b)(1)(A), and regardless, the petitioner has not alleged how he was surprised or prejudiced by the alleged variance; (2) the evidence presented at trial was

3.      The Honorable Thomas J. Rueter's report and recommendation (Doc. No. 51) is

**APPROVED** and **ADOPTED IN PART** as follows:

a.      The report and recommendation is approved and adopted in all respects,

except for its recommendation to deny as moot the "Petitioner['s] Pro Se Motion to Strike His

Addendum and the Subsequent Notice Filed Relative Thereof To Properly Plead and Prove his

Habeas Corpus Claim" (Doc. No. 27) ("submission"); and

b.      The submission (Doc. No. 27) is **DENIED**;[2]

---

sufficient to support the petitioner's conviction for theft for stealing bicycles, and, contrary to the petitioner's assertion, the victim did not testify that the petitioner did not intend to steal the bicycles; and (3) his sentence was not illegally excessive because the petitioner's challenge to the discretionary aspects of his sentence is a state law claim that is not cognizable on federal habeas review, and the sentence imposed fell within the statutory bounds. After conducting a *de novo* review of the portions of the report and recommendation to which the petitioner objects, the court concurs with Magistrate Judge Rueter's conclusions, and accordingly, overrules the objections.

[2] In his objections, the petitioner also objects to the report and recommendation's unresponsiveness to issues raised in a submission at Doc. No. 27 that he filed months after filing his amended habeas petition:

> [The] December 2015[] 2254 petition[] was defective . . . causing the petitioner, a pro prisoner layman to have to amend . . . as provided for by this court's 8/3/2016 order[. S]aid amended pleading . . . (Doc. No. 27) [] struck all previously filed defective habeas corpus petition[]s to properly plead and prove habeas corpus relief eligibility[. H]owever[,] this amended habeas petition (Doc. No. 27) has been and is still being ignored and not considered by Magistrate Judge R[ue]ter[']s . . . report & recommendation (page 21[,] footnote 7)[.] . . . [I]t['] s the 2254 petition at Doc. No. 27 that demonstrates how the petitioner is eligible for habeas relief[.]

Petitioner's Objection and Response . . . to the Magistrate's Report and Recommendation at 2 (citations to the docket in the original). Thus, it appears that the petitioner believes that the "Petitioner['s] Pro Se Motion to Strike His Addendum and the Subsequent Notice Filed Relative Thereof to Properly Plead and Prove his Habeas Corpus Claim" that he filed (Doc. No. 27) is the operative petition.

The petitioner is mistaken that this court's August 3, 2016 order, issued after the petitioner had already cured the defects in his original habeas petition, provided leave for him to file a second amended petition. *See* Order, Doc. No. 20. Rather, the order permitted the petitioner to add any of the arguments in his motion to clarify (Doc. No. 16) to his amended habeas petition. *Id.* Still, because the petitioner raises issues in the submission at Doc. No. 27 beyond those in his amended petition for writ of habeas corpus (Doc. No. 14), and because it appears that Magistrate Judge Rueter's report and recommendation did not address these issues, the court takes this opportunity to consider the submission at Doc. No. 27. Accordingly, the court declines Magistrate Judge Rueter's recommendation to deny as moot the submission at Doc. No. 27.

In his submission at Doc. No. 27, the petitioner raises an ineffective assistance of counsel claim, alleging that trial counsel's performance was deficient in that counsel failed to: (1) "make a reasonable investigation regarding the other allege[d] victim, [and] instead, wait[ed] till the day of trial to locate this allege[d] victim;" and (2) "explore at trial the testimony of the victim when the testimony disclosed that property was taken off the petitioner's youth and the petitioner came to take back what was taken off his youth." The remaining issues raised in this motion are either inscrutable or reiterations of issues addressed in Magistrate Judge Rueter's report and recommendation.

While it appears that the petitioner raised a similar ineffective assistance claim in his PCRA petition, dismissed by the PCRA court on June 28, 2006, he did not appeal the dismissal of the ineffective assistance claim as part of his appeal to the Superior Court of Pennsylvania from the PCRA court's dismissal order. In this regard, in

4.      The petitioner's petition for writ of habeas corpus (Doc. No. 14) is **DENIED**;

5.      The petitioner has not made a substantial showing of the denial of a constitutional

right and is therefore not entitled to a certificate of appealability, 28 U.S.C. § 2253(c)(2);[3] and

6.      The clerk of court shall mark this case as **CLOSED**.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

his August 21, 2006 Concise Statement of Matters Complained of on Appeal pursuant to Pa. R. A. P. 1925(b), the petitioner only states that:

> 1. Appellate Counsel should have been found to have rendered ineffective assistance by failing to preserve the issue of abuse of discretion in sentencing by . . . not filing a concise statement of reasons relied upon for the allowance of appeal in his Brief[; and] 2. Appellate Counsel should have been found to have rendered ineffective assistance by failing to file a Petition for Allowance of Appeal to the Supreme Court of Pennsylvania.

Because the petitioner failed to raise the ineffective assistance claims in the submission at Doc. No. 27 on appeal to the Superior Court, he has failed to exhaust his state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State . . . .")

With no avenue to raise the issue to the state courts, he has procedurally defaulted on the claim. "[C]laims deemed exhausted because of a state procedural bar are procedurally defaulted, and federal courts may not consider their merits unless the petitioner establishes cause and prejudice or a fundamental miscarriage of justice to excuse the default." *Lines v. Larkins*, 208 F.3d 153, 160 (3d Cir. 2000) (internal quotation marks omitted). The petitioner here establishes neither cause and prejudice nor a fundamental miscarriage of justice to excuse the default. Therefore, the court cannot consider the merits of his ineffective assistance claim and denies his submission at Doc. No. 27.

[3] *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (explaining requirements for obtaining a certificate of appealability under section 2253(c)(2)).